POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movants James Cheng and
Levelt Howard and Proposed Lead
Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DYLAN OLSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RED CAT HOLDINGS, INC., JEFFREY THOMPSON, LEAH LUNGER, JOSEPH HERNON, GEORGE MATUS, GEOFFREY HITCHCOCK, and BRENDAN STEWART,<br><br>Defendants. | Case No. 2:25-cv-05427-MEF-JSA<br><br>Hon. Michael E. Farbiarz<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF JAMES CHENG AND LEVELT HOWARD FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>Motion Date: August 18, 2025 |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT ........................................................................................................6

    I.     CHENG AND HOWARD SHOULD BE APPOINTED CO-LEAD
          PLAINTIFFS..............................................................................6

          A.     Cheng and Howard Have the Largest Financial Interest ............6

          B.     Cheng and Howard Satisfy Rule 23's Applicable
               Requirements ................................................................................8

    II.    CHENG AND HOWARD'S SELECTION OF COUNSEL SHOULD
          BE APPROVED.................................................................................16

    III.   THE COMPETING MOTIONS SHOULD BE DENIED ..................17

CONCLUSION...................................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454-KM-MAH,
  2018 WL 1960444 (D.N.J. Apr. 25, 2018)....................................................*passim*

*Barnet v. Elan Corp., PLC*,
  236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................14

*China Agritech, Inc. v. Resh*,
  584 U.S. 732 (2018)....................................................................................3, 11

*DeLuca v. Instadose Pharma Corp.*, No. 2:21CV675 (RCY),
  2022 WL 3020417 (E.D. Va. July 29, 2022)........................................................13

*Deutschman v. Beneficial Corp.*,
  132 F.R.D. 359 (D. Del. 1990) ............................................................................10

*Flora v. Hain Celestial Grp., Inc.*, No. 16CV4581ADSSIL,
  2017 WL 11816987 (E.D.N.Y. June 5, 2017).......................................................9

*Goldstein v. Puda Coal, Inc.*,
  827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...................................................................9

*Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-GMS,
  2009 WL 648626 (D. Ariz. Mar. 11, 2009).........................................................10

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. 2009)......................................................................5, 13

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
  2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)......................................................12

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010)...............................................................5, 14

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................3, 6, 8, 11

*In re Enzymotec Ltd. Sec. Litig.*, No. CIV.A. 14-5556,
  2015 WL 918535 (D.N.J. Mar. 3, 2015) ........................................................4, 11, 12

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ................................................................................11

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..........................................................................16

*In re Peregrine Sys., Inc. Sec. Litig.*, No. CIV.02 CV 870-J(RBB),
  2002 WL 32769239 (S.D. Cal. Oct. 11, 2002)...................................................15

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)........................................................................2, 7

*Lawless v. Aurora Cannabis Inc.*, No. CV2013819RMBSAK,
  2021 WL 2850451 (D.N.J. July 8, 2021) ...........................................3, 5, 11, 15

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters,
  Inc.*, No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012).................12

*Medina v. Clovis Oncology, Inc.*, No. 15-CV-2546-RM-MEH,
  2016 WL 660133 (D. Colo. Feb. 18, 2016).......................................................10

*Miller v. Ventro Corp.*, No. 01-CV-1287,
  2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ............................................5, 15

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014)......................................................................11

*Patel v. Zoompass Holdings Inc.*, No. CV 17-3831 (JLL),
  2017 WL 4179814 (D.N.J. Sept. 20, 2017)......................................................1, 7

*Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO,
  2012 WL 946875 (S.D.N.Y. Mar. 19, 2012)......................................................14

*Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP,
  2010 WL 3064427 (W.D. Wash. Aug. 2, 2010)..................................................14

*Sklar v. Amarin Corp. PLC*, No. CIV.A. 13-CV-06663 F,
  2014 WL 3748248 (D.N.J. July 29, 2014) ..................................................*passim*

*Soto v. Hensler*,
  235 F. Supp. 3d 607 (D. Del. 2017).................................................................5, 13

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ...................................................................7

## **Statutes**

15 U.S.C. § 78u-4 ...................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...........................................*passim*

## **Rules**

Fed. R. Civ. P. 23 ...................................................................................*passim*

Movants Cheng[1] and Howard respectfully submit this Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 6); and in opposition to the competing motions of: (i) William Mayers and Tamara Mayers (the "Mayers") (Dkt. No. 3); (ii) Catherine Green ("Green") (Dkt. No. 4); and (iii) Greenstone Nevada, LLC ("Greenstone") (Dkt. No. 5).

**PRELIMINARY STATEMENT**

This Action is a putative class action securities fraud lawsuit on behalf of investors in Red Cat securities. As with all federal class action securities fraud lawsuits, lead plaintiffs must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the largest financial interest in the outcome of the Action; and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Cheng and Howard, who collectively incurred losses of approximately $294,016 in connection with their Class Period transactions in Red Cat securities. *See* Dkt. No. 6-3 at *4. Although the PSLRA does not define "financial interest," courts in the Third Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered. *See Patel*

---

[1] All capitalized terms herein are defined in Cheng and Howard's moving brief, unless otherwise indicated. *See* Dkt. No. 6-2.

*v. Zoompass Holdings Inc.*, No. CV 17-3831 (JLL), 2017 WL 4179814, at *1 (D.N.J. Sept. 20, 2017) ("The most critical among the[ financial interest] factors is the approximate loss suffered."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("[T]he amount of financial loss is the most significant[.]").  The table below sets forth the respective claimed losses of the competing movants:

| Movant | Loss |
|---|---|
| Cheng and Howard | $294,016 |
| The Mayers | $228,915 |
| Greenstone | $97,421 |
| Green | $31,742 |

As the above table reflects, Cheng and Howard's losses are significantly larger than those claimed by any competing movant.  Further, Cheng **individually** incurred losses of $262,176 (*see* Dkt. No. 6-3 at *4), which is likewise significantly larger than the losses claimed by any competing movant.  Accordingly, Cheng and Howard clearly possess the largest financial interest in this Action within the meaning of the PSLRA among those seeking appointment as lead plaintiff.

In addition to their considerable financial interest, Cheng and Howard readily satisfy Rule 23's typicality and adequacy requirements.  Their claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444, at *8-9 (D.N.J. Apr. 25, 2018); *Sklar v. Amarin Corp. PLC*, No. CIV.A. 13-CV-06663 F, 2014 WL 3748248, at *6 (D.N.J. July 29,

2

2014).  Cheng and Howard's significant losses give them a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the Class, and in Pomerantz, Cheng and Howard have retained qualified and experienced counsel.  *See Vitamin Shoppe*, 2018 WL 1960444, at *9; *Amarin*, 2014 WL 3748248, at *6.

Moreover, as a cohesive duo of likeminded investors, each of whom incurred significant losses as a result of the alleged fraud, Cheng and Howard constitute exactly the kind of small and cohesive group that the PSLRA and the Third Circuit expressly permit, and courts within the Third Circuit, including this District, routinely appoint to serve as co-lead plaintiffs in PSLRA actions, recognizing that they can "fairly and adequately protect the interests of the class."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("disagree[ing] . . . that the [PSLRA] invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff"); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); *Lawless v. Aurora Cannabis Inc.*, No. CV2013819RMBSAK, 2021 WL 2850451, at *5 (D.N.J. July 8, 2021) (appointing "relatively small group

3

of three individual investors" as lead plaintiff and noting advantages of appointing an investor group as lead plaintiff over an individual).

Further demonstrating their adequacy, Cheng and Howard have submitted with their motion papers a detailed Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, a meaningful explanation of their reasons for seeking appointment jointly as Co-Lead Plaintiffs, and their readiness to collaboratively shoulder the responsibilities of lead plaintiffs under the PSLRA, including by overseeing the efforts of counsel. *See* Dkt. No. 6-3 at *25-30. Courts in the Third Circuit, including this District, routinely appoint more than one investor as co-lead plaintiffs under such circumstances. *See Vitamin Shoppe*, 2018 WL 1960444, at *9-11 (collecting cases and appointing group of three investors as lead plaintiff because of, *inter alia*, their limited size and submission of a joint declaration); *see also In re Enzymotec Ltd. Sec. Litig.*, No. CIV.A. 14-5556, 2015 WL 918535, at *4 (D.N.J. Mar. 3, 2015) (finding group of three investors "will fairly and adequately represent the interests of the class" because of "the representations made in [its] joint declaration").

Courts are especially prone to find co-lead plaintiff movants adequate where a member of the group—here, Cheng—individually incurred the largest losses

4

among all competing movants. *See Soto v. Hensler*, 235 F. Supp. 3d 607, 621 (D. Del. 2017) (finding movant duo appropriate where, *inter alia*, the "financial loss [of one] would still outstrip the [competing movants]' combined loss" which "eases any concerns about the two plaintiffs having come together solely due to manipulation by their counsel"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (appointing group, noting "it is not necessary for the members of the [group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself").

Moreover, because Cheng and Howard's losses are attributable to Red Cat options and common stock investments, respectively (*see* Dkt. No. 6-3 at *4), their joint appointment will ensure that the interests of both common stock and options investors are well represented throughout this litigation. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 441-42 (S.D. Tex. 2010) (appointing co-lead plaintiffs representing different theories of legal recovery because, *inter alia*, "'[a]llowing for diverse representation . . . ensures that the interests of all class members will be adequately represented'" (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998))); *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001) (appointing co-lead plaintiffs to represent shareholders and bondholders to "[t]ogether . . . represent the entire putative class of litigants"); *see also Aurora*, 2021 WL 2850451, at *5 (recognizing

5

that appointing co-lead plaintiffs "has certain advantages . . . including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate").

For the reasons set forth herein, Cheng and Howard respectfully submit that the Court should grant their motion in its entirety and deny the competing motions.

<strong>ARGUMENT</strong>

**I.    CHENG AND HOWARD SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant or group of movants with the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  *See Cendant*, 264 F.3d at 263-64; *Amarin*, 2014 WL 3748248, at *5.  Once this presumption is triggered, it may be rebutted only upon "proof" that the presumptive lead plaintiffs will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, the most adequate Class representatives are Cheng and Howard.

**A.    Cheng and Howard Have the Largest Financial Interest**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest

6

financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Third Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered.  *See Zoompass*, 2017 WL 4179814, at *1 ("The most critical among the[ financial interest] factors is the approximate loss suffered."); *Vicuron*, 225 F.R.D. at 511 ("[T]he amount of financial loss is the most significant[.]"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 412-13 (E.D. Pa. 2019) ("[T]he approximate losses suffered . . . has been considered by courts within this Circuit to be the most significant [financial interest factor] in the context of securities litigation.")

Under the foregoing analysis, no competing movant seeking appointment as Lead Plaintiff claims a larger financial interest than Cheng and Howard in this Action.  As the chart at p. 2 reflects, Cheng and Howard incurred collective losses of approximately $294,016 (*see* Dkt. No. 6-3 at *4)—significantly larger than the losses claimed by any competing movant.  Indeed, Cheng's losses *alone* ($262,176 (*see id.*)) are significantly larger than those alleged by any competing movant.  Accordingly, Cheng and Howard clearly possess the largest financial interest in this Action among those seeking appointment as lead plaintiff.

**B.     Cheng and Howard Satisfy Rule 23's Applicable Requirements**

In addition to possessing the largest financial interest in the outcome of this Action of any movant seeking appointment as Lead Plaintiff, and thus being the statutorily presumed "most adequate" plaintiffs (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), Cheng and Howard have plainly made the requisite *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements. *See Cendant*, 264 F.3d at 263-64; *Amarin*, 2014 WL 3748248, at *5.

Cheng and Howard's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Vitamin Shoppe*, 2018 WL 1960444, at *8-9; *Amarin*, 2014 WL 3748248, at *6. Specifically, Cheng and Howard allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Red Cat, or by omitting to state material facts necessary to make the statements they did make not misleading. Cheng and Howard, like other Class members, purchased Red Cat securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Red Cat's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course

8

of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Vitamin Shoppe*, 2018 WL 1960444, at *8-9; *Amarin*, 2014 WL 3748248, at *6.

Cheng and Howard likewise satisfy the adequacy requirement of Rule 23(a)(4) because their significant losses give them a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the Class, and as discussed in greater detail below, in Pomerantz, they have selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See Vitamin Shoppe*, 2018 WL 1960444, at *9; *Amarin*, 2014 WL 3748248, at *6.

Anticipating a potential argument by competing movants, the fact that Cheng's losses stem from his Class Period investments in Red Cat option contracts has no bearing on his satisfaction of Rule 23's typicality and adequacy requirements. Courts throughout the country, including in this District, routinely appoint movants who suffered most, or even ***all***, of their losses on options investments to serve as lead plaintiff in PSLRA cases. *See, e.g.*, *Flora v. Hain Celestial Grp., Inc.*, No. 16CV4581ADSSIL, 2017 WL 11816987, at *1 (E.D.N.Y. June 5, 2017) (appointing co-lead plaintiffs, finding "the fact that [one of them] ***only*** purchased options during the class period does not rebut the presumption in its favor" (emphasis added)); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355, 357 (S.D.N.Y. 2011)

9

(appointing options investor as lead plaintiff, noting "the focus of the typicality analysis is . . . whether the same or similar injuries arose out of or were caused by Defendants' alleged wrongful  course of conduct" (internal quotation marks omitted)); *Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-GMS, 2009 WL 648626, at *4-6 (D. Ariz. Mar. 11, 2009) (appointing options holder as lead plaintiff instead of common stock investor because the latter failed "to offer any evidence that [option holder]'s specific options are themselves atypical"); *Medina v. Clovis Oncology, Inc.*, No. 15-CV-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (appointing lead plaintiff that "may have held securities that other members of the class did not, such as options . . . [because] the losses allegedly incurred on those securities are still premised on the same factual allegations and legal theories"); *see also Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371 (D. Del. 1990) (certifying class of options and common stock purchasers with class representative who purchased ***only*** options).

Moreover, Cheng and Howard are a cohesive pair of likeminded investors, each of whom incurred significant losses as a result of the alleged fraud.  They therefore constitute an appropriate group of the type that the PSLRA and the Third Circuit expressly permit, and courts within the Third Circuit, including this District, routinely appoint to serve as co-lead plaintiffs in PSLRA actions.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of

10

persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *Cendant*, 264 F.3d at 266 ("disagree[ing] with those courts that have held that the [PSLRA] invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff[,]" and noting that "[t]he statute contains no requirement mandating that the members of a proper group be 'related' in some manner"); *Aurora*, 2021 WL 2850451, at *5 (appointing "relatively small group of three individual investors" as lead plaintiff, "not[ing] that the appointment of a small group of individuals as lead plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment"); *Enzymotec*, 2015 WL 918535, at *4 (appointing as lead plaintiff a group of three investors); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 411 (D. Del. 2014) (same). Indeed, in *China Agritech*, the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups[.]" 584 U.S. at 742 n.3. More recently, in *In re Mersho*, the Ninth Circuit Court of Appeals likewise held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff. 6 F.4th 891, 899 (9th Cir. 2021).

Further, courts in the Third Circuit, including this District, and around the country routinely find movant groups to be adequate where, as here, they have

11

robustly demonstrated their cohesiveness via a detailed Joint Declaration. *See, e.g.*, *Vitamin Shoppe*, 2018 WL 1960444, at *9-11 (finding adequacy of group of three investors supported by, *inter alia*, their limited size and their submission of a joint declaration, and collecting cases in the Third Circuit and throughout the country that found similar declarations support a group's appointment as lead plaintiff); *Enzymotec*, 2015 WL 918535, at *4 (appointing investor group as lead plaintiff under the PSLRA because of, *inter alia*, "the representations made in [the group]'s joint declaration . . . and [its] selection of experienced and learned counsel"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding the group is not "so large as to be unwieldly and impracticable"); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

Here, Cheng and Howard have submitted a detailed Joint Declaration in which they, *inter alia*:

- Provide detailed information about themselves, including their educational and professional backgrounds, cities and states of residence, ages, and investment experience (*see* Dkt. No. 6-3 at *25 ¶¶ 2-3);

12

- Explain their reasons for seeking appointment jointly as co-lead plaintiffs (*id.* at \*27 ¶ 9) ("We each determined that we could **maximize the Class's recovery by pooling our respective resources and experience** by jointly seeking appointment as Co-Lead Plaintiffs.  After reviewing the allegations pleaded in the complaint, and consulting with our counsel, we each independently determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs.  We agree that **our collective resources and experience, as well as our ability to engage in joint decision-making, will materially benefit and advance the interests of the Class** in this case." (Emphases added.)); and

- Attest in detail to their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to undertake those responsibilities (*id.* at \*25-28 ¶¶ 4-7, 11-13).

Additionally, investor groups are particularly appropriate where a member of the group—here, Cheng, as discussed *supra* in Section I.A.—individually incurred the largest losses among the competing movants.  *See Hensler*, 235 F. Supp. 3d at 621 (finding movant duo appropriate where, *inter alia*, the "financial loss [of one] would still outstrip the [competing movants]' combined loss" which "eases any concerns about the two plaintiffs having come together solely due to manipulation by their counsel"); *Akeena*, 263 F.R.D. at 533 (appointing group, noting "it is not necessary for the members of the [group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself"); *DeLuca v. Instadose Pharma Corp.*, No. 2:21CV675 (RCY), 2022 WL 3020417, at \*4 (E.D. Va. July 29, 2022) ("The most important factor to the Court is that the Group contains the individual with the largest loss

13

among all movants."); *Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (finding group appropriate where, *inter alia*, "the group comprises the class members with, far and away, the largest financial interest of any individual or group"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) ("Neither is there any evidence that the [movant g]roup was formed in bad faith. Indeed, even were the Court to deconstruct the Group, two of its individual members would still have the 'largest financial interest'"); *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 2, 2010) ("The Court's confidence . . . is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants. In actuality, two of the members . . . have *individual losses* . . . which exceed the financial interests of all other applicants[.]" (Emphasis in original.)).

Moreover, as discussed *supra*, Cheng incurred his losses in connection with Red Cat options investments (*see* Dkt. No. 6-3 at *4), whereas Howard's losses are attributable to investments in the Company's common stock (*see id.*). Accordingly, Cheng and Howard are particularly well-suited to oversee this Action because their joint appointment will ensure that the interests of both common stock and options investors are represented throughout this litigation. *See BP*, 758 F. Supp. 2d at 441-

14

42 (appointing co-lead plaintiffs representing different theories of legal recovery because, *inter alia*, "'[a]llowing for diverse representation . . . ensures that the interests of all class members will be adequately represented'" (quoting *Oxford*, 182 F.R.D. at 49)); *Ventro*, 2001 WL 34497752, at *11 (appointing co-lead plaintiffs to represent shareholders and bondholders to "[t]ogether . . . represent the entire putative class of litigants"); *In re Peregrine Sys., Inc. Sec. Litig.*, No. CIV.02 CV 870-J(RBB), 2002 WL 32769239, at *11-12 (S.D. Cal. Oct. 11, 2002) (appointing "co-lead plaintiffs" to represent different claims because "appointment of co-lead plaintiffs will better represent the class members' varying and perhaps conflicting interests"); *see also Aurora*, 2021 WL 2850451, at *5 (recognizing that appointing co-lead plaintiffs "has certain advantages . . . including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate").

* * * * *

Because Cheng and Howard have the largest financial interest of any competing movant in the relief sought by the Class and otherwise satisfy the applicable requirements of Rule 23, they are the presumptive "most adequate" plaintiffs of the Class within the meaning of the PSLRA.  To overcome the strong presumption entitling them to appointment as Co-Lead Plaintiffs, the PSLRA requires "***proof***" that they are inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)

15

(emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## II.    CHENG AND HOWARD'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should not interfere with a lead plaintiff's selection unless it is necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Vitamin Shoppe*, 2018 WL 1960444, at *11 ("The court should generally employ a deferential standard in reviewing the lead plaintiffs choices for counsel."); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Cheng and Howard have selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions, and the firm has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 6-3 at *33-43.  Thus, the Court may be assured that by approving Cheng and Howard's selection of counsel, the members of the Class will receive the best legal representation available.

16

## III.   THE COMPETING MOTIONS SHOULD BE DENIED

As discussed further in Section I.A., *supra*, no competing movant seeking appointment as Lead Plaintiff has a larger financial interest in this Action than Cheng and Howard, whether considering Cheng and Howard's losses in the aggregate or Cheng's losses alone.  This fact alone mandates denial of the competing motions by the Mayers (Dkt. No. 3), Green (Dkt. No. 4), and Greenstone (Dkt. No. 5).  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## CONCLUSION

For the foregoing reasons, Cheng and Howard respectfully request that the Court issue an Order: (1) appointing Cheng and Howard as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel for the Class.

Dated:  August 4, 2025                    Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com

17

ahood@pomlaw.com

*Counsel for Movants James Cheng and Levelt Howard and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Movant Levelt Howard*

18