| | |
|---|---|
| **KAHN SWICK & FOTI, LLC** | **DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP** |
| Kim E. Miller (*PHV to be submitted*)<br>250 Park Avenue, 7th Floor<br>New York, NY 10177<br>Telephone: (212) 696-3730 | Vincent M. Giblin<br>61 South Paramus Road, Suite 250<br>Paramus, NJ 07652<br>Telephone: (201) 347-2136 |
| *Counsel for Lead Plaintiff Movant Greenstone Nevada, LLC and Proposed Lead Counsel for the Class* | *Local Counsel for Lead Plaintiff Movant Greenstone Nevada, LLC* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DYLAN OLSEN, Individually and on Behalf of Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RED CAT HOLDINGS, INC., JEFFREY THOMPSON, LEAH LUNGER, JOSEPH HERNON, GEORGE MATUS, GEOFFREY HITCHCOCK, and BRENDAN STEWART,<br><br>　　　　　　Defendants. | Civ. A. No. 2:25-CV-05427-MEF-JSA<br><br>**CLASS ACTION**<br><br>**GREENSTONE NEVADA, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLANTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>**MOTION DATE: August 18, 2025** |

# **TABLE OF CONTENTS**

Page:

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................3

    A. The Lawyer-Driven Cheng/Howard Group Suffered
       No Recoverable Losses ...............................................................................3

    B. Cheng's Trading in Red Cat Options Subjects
       the Cheng/Howard Group to Unique Reliance Defenses ..........................4

    C. The Lawyer-Driven Cheng/Howard Group Cannot Be Appointed
       Lead Plaintiff Under Prevailing Third Circuit Precedent and
       Has Not Made a Compelling Showing It Will Act Cohesively
       for the Benefit of the Class.........................................................................6

    D. The Mayers' Uncorrected Error Speaks to their Inadequacy ....................7

    E. The Mayers' Three Law Firms Would Disadvantage
       the Putative Class .......................................................................................9

III. CONCLUSION......................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s):

**Cases**

*Africa v. Jianpu Tech., Inc.*,
  No. 21-cv-1419, 2021 U.S. Dist. LEXIS 95246 (S.D.N.Y. May 19, 2021) ..........4

*Andrada v. Atherogenics, Inc.*,
  No. 05-cv-0061, 2005 U.S. Dist. LEXIS 6777 (S.D.N.Y. Apr. 18, 2005) ............5

*Bousso v. Spire Glob., Inc.*,
  No. 24-cv-01458, 2024 U.S. Dist. LEXIS 213229 (E.D. Va. Nov. 21, 2024).......8

*Burns v. Up Fintech Holding Ltd..*,
  No. 23-CV-4842, 2024 U.S. Dist. LEXIS 19999 (C.D. Cal. Jan. 30, 2024) .........7

*Chao Sun v. Han*,
  No. 15-CV-0703, 2015 U.S. Dist. LEXIS 64060 (D.N.J. May 14, 2015) ............6

*Cook v. Allergan PLC*,
  No. 18-cv-12089, 2019 U.S. Dist. LEXIS 51962 (S.D.N.Y. Mar. 21, 2019) ........5

*Dura Pharmaceuticals v. Broudo*,
  544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) ................................2, 3

*Elstein v. Net 1 UEPS Techs., Inc.*,
  No. 13-CV-9100, 2014 U.S. Dist. LEXIS 100574 (S.D.N.Y. July 23, 2014) .......7

*Hall v. Medicis Pharm. Corp.*,
  No. 08-CV-1821, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009) ..........5

*In re Boeing Co. Aircraft Sec. Litig.*,
  No. 19-CV-02394, 2020 U.S. Dist. LEXIS 15012 (N.D. Ill. Jan. 28, 2020) .........8

*In re Cendant Corp. Litig.*,
  264 F.3d 201, 266-67 (3d Cir. 2001)....................................................................6

*In re Humanigen, Inc. Sec. Litig.*,
  No. 22-CV-05258, 2024 U.S. Dist. LEXIS 165094 (D.N.J. Sep. 11, 2024) .........1

*Karp v. Diebold Nixdorf, Inc.*,
    No. 19-cv-6180, 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019).........8

*Kniffin v. Micron Tech., Inc.*,
    379 F. Supp. 3d 259 (S.D.N.Y. 2019)................................................................7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011).......................................................................7

*Salem v. Methode Elecs., Inc.*,
    No. 24-CV-7696, 2025 U.S. Dist. LEXIS 18696 (N.D. Ill. Feb. 3, 2025) ............9

*Sallustro v. CannaVest Corp.*,
    93 F. Supp. 3d 265 (S.D.N.Y. 2015) .................................................................4

*Tan v. NIO Inc.*,
    No. 19-CV-1424, 2020 U.S. Dist. LEXIS 36623 (E.D.N.Y. Mar. 3, 2020)..........6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................7

Lead Plaintiff Movant Greenstone Nevada, LLC ("Greenstone" or "Movant") respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Appointment as Lead Plaintiff and Approval of Selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel in the above-captioned Action.

## I.     INTRODUCTION

As set forth in its Omnibus Opposition to the Competing Motions of James Cheng and Levelt Howard (the "Cheng/Howard Group") (ECF No. 6), William and Tamara Mayers (the "Mayers") (ECF No. 3), and Catherine Green (ECF No. 4),[1] Greenstone should be appointed Lead Plaintiff, and its selection of KSF as Lead Counsel should be approved, because it is the movant with the largest financial interest in this litigation among those movants who otherwise satisfy the requirements of Rule 23 and are not subject to any unique defenses.

The briefing submitted by the Cheng/Howard Group (ECF No. 9) and the Mayers (ECF No. 10) confirms the well-supported positions Greenstone set forth in its Omnibus Opposition. While the Cheng/Howard Group attempts to counter "a potential argument by competing movants" that Cheng's Class Period transactions

---

[1] Movant Catherine Green did not timely submit an opposition to the competing motions for appointment and, as such, has abandoned her motion. *See, e.g.*, *In re Humanigen, Inc. Sec. Litig.*, No. 22-CV-05258, 2024 U.S. Dist. LEXIS 165094, at *4 n.2 (D.N.J. Sep. 11, 2024) ("A third class member, Meena Motwani, initially moved for consolidation and her own appointment as Lead Plaintiff, but abandoned her motion by failing to file any opposition to the other competing motions.") (internal citations omitted).

1

in Red Cat options contracts subjects the Cheng/Howard Group to unique defenses, the authority it provides is distinguishable. ECF No. 9 at 9. The Cheng/Howard Group also goes to great lengths to establish that courts have previously appointed groups of unrelated investors (such as Cheng and Howard) as lead plaintiffs where those investors "robustly demonstrate[] their cohesiveness via a detailed Joint Declaration." *Id.* at 12. But the Joint Declaration submitted by Cheng and Howard here does no such thing. More importantly, however, the Cheng/Howard Group fails to grapple with the fact that Cheng's asserted losses are illusory. As Greenstone detailed in its Omnibus Opposition, Cheng's "losses" are all unrecoverable under *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 342-43, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). As such, this is not a situation where, as the Cheng/Howard Group claims, "a member of the group…individually incurred the largest losses among all competing movants." ECF No. 9 at 4-5.

With respect to the Mayers, instead of promptly identifying and correcting their error in calculating the 90-day "lookback price" as $7.1445/share, as opposed to $7.22/share, the Mayers instead recalculated the losses of the competing movants "using the same [incorrect] 90-day average price to value losses on retained shares as was used in the Mayers' financial interest analysis" in order to "normalize[]" the figures. ECF No. 10 at 3 n.1. That is, instead of recognizing that both Greenstone and the Cheng/Howard Group *correctly* calculated the 90-day lookback price (*see*

ECF Nos. 5-5 and 6-3), the Mayers uncritically doubled-down, exacerbating their error. Finally, the Mayers have made no attempt to justify their decision to saddle the putative Class with three separate law firms.

For all the reasons set forth herein, Greenstone should be appointed Lead Plaintiff and its selection of Lead Counsel should be approved.

## II.     ARGUMENT

### A.     The Lawyer-Driven Cheng/Howard Group Suffered No Recoverable Losses

As detailed in Greenstone's Omnibus Opposition and the Cheng/Howard Conformed Loss chart submitted therewith (ECF No. 11-2), while the Cheng/Howard Group claimed it "incurred losses of approximately $(294,016) in connection with its Class Period transactions in Red Cat securities," ECF No. 6-2 at 10, that figure erroneously included Cheng's losses on transactions in Red Cat options he sold or which expired prior to the pertinent, alleged corrective disclosures, in contravention of *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 342-43, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). After excluding those unrecoverable, non-*Dura* losses, the Cheng/Howard Group actually enjoyed a Class Period gain of approximately ***$114,756.89***. *See* ECF No. 11-2.

The Cheng/Howard Group does not confront this fact, or grapple with the court's opinion in *Sallustro v. CannaVest Corp.*, which held that, "when evaluating a plaintiff's financial interest for purposes of selecting a lead plaintiff, courts…do

3

not take into account losses from shares sold prior to corrective disclosures." 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015). Again, while Greenstone anticipates the Cheng/Howard Group will (for the first time, in its Reply) seize on a line of cases suggesting the Court should not so apply *Dura* because the Complaint in this Action alleges multiple corrective disclosures, *see* ECF No. 11 at 15-16, Greenstone maintains the court in *Africa v. Jianpu Tech., Inc.*, No. 21-cv-1419, 2021 U.S. Dist. LEXIS 95246, at *5 (S.D.N.Y. May 19, 2021), correctly rejected that line of cases. Cheng's losses on Red Cat options purchased *after* the September 24, 2024, partial corrective disclosure, but which he either sold or which expired *prior* to the January 16, 2025, final corrective disclosure, are not recoverable under *Dura*. As such, the Cheng/Howard Group does not possess the greatest financial interest in this litigation and is the not the presumptive lead plaintiff.

### B. Cheng's Trading in Red Cat Options Subjects the Cheng/Howard Group to Unique Reliance Defenses

While Greenstone maintains Cheng actually *profited* from his Class Period transactions in Red Cat options, the fact that those transactions vastly outnumbered his transactions in Red Cat common stock subjects him to unique defenses as to typicality. *See* ECF No. 11 at 19. Anticipating this attack, the Cheng/Howard Group cites several decisions appointing movants "who suffered most, or even **all**, of their losses on options investments to serve as lead plaintiff in PSLRA cases." ECF No. 9 at 9 (emphasis in original). But those cases are all distinguishable because here,

4

Cheng's supposed "losses on options investors" are predominantly attributable to options contracts he either sold or which expired *prior* to the January 16, 2025, final corrective disclosure. *See* ECF No. 11 at 13 ("As detailed in the Cheng/Howard Conformed Loss Chart, on 16 separate occasions Cheng claimed losses for his purchases of Red Cat options he purchased *after* the September 24, 2024, partial corrective disclosure, but which he either sold or which expired *prior* to the January 16, 2025, final corrective disclosure…. Collectively, those non-*Dura* losses totaled some $(408,770)."). Thus, unlike in *Hall v. Medicis Pharm. Corp.*, No. 08-CV-1821, 2009 U.S. Dist. LEXIS 24093, at *11 (D. Ariz. Mar. 10, 2009), here Greenstone has explicitly offered "evidence that [Cheng's] *specific* options are themselves atypical." (emphasis added).

What's more, the Cheng/Howard Group fails to refute the reasoning articulated by the courts in *Andrada v. Atherogenics, Inc.*, No. 05-cv-0061, 2005 U.S. Dist. LEXIS 6777 (S.D.N.Y. Apr. 18, 2005), and *Cook v. Allergan PLC*, No. 18-cv-12089, 2019 U.S. Dist. LEXIS 51962 (S.D.N.Y. Mar. 21, 2019); namely, that factual issues unique to options purchasers, such as those regarding valuation and market efficiency, "could subject the class to unique defenses, causing unnecessary conflict." *Allergan*, 2019 U.S. Dist. LEXIS 51962, at *7.

5

### C. The Lawyer-Driven Cheng/Howard Group Cannot Be Appointed Lead Plaintiff Under Prevailing Third Circuit Precedent and Has Not Made a Compelling Showing It Will Act Cohesively for the Benefit of the Class

The Cheng/Howard Group devotes a significant portion of its opposition brief to furthering the argument that, despite being a lawyer-driven group of unrelated investors, it should nonetheless be appointed as a Co-Lead Plaintiff group because Cheng and Howard "have robustly demonstrated their cohesiveness via a detailed Joint Declaration." ECF No. 9 at 12. As an initial matter, "the Third Circuit [has] explained that if a movant 'group' was created by the efforts of lawyers for the purpose of ensuring that it is named lead counsel, the 'group' should not be named lead plaintiff." *Chao Sun v. Han*, No. 15-CV-0703, 2015 U.S. Dist. LEXIS 64060, at \*10 (D.N.J. May 14, 2015) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 266-67 (3d Cir. 2001)). Thus, to the extent the Court concludes the Cheng/Howard Group is lawyer-driven, it cannot be appointed Lead Plaintiff under prevailing Third Circuit precedent.

Nevertheless, the Cheng/Howard Group's boilerplate Joint Declaration is anything but robust. "In the absence of a pre-litigation relationship, 'courts have typically required that plaintiffs lacking such a relationship present a more compelling showing' that they will be able to work cohesively for the benefit of the class." *Tan v. NIO Inc.*, No. 19-CV-1424, 2020 U.S. Dist. LEXIS 36623, at \*14 (E.D.N.Y. Mar. 3, 2020) (quoting *Elstein v. Net 1 UEPS Techs., Inc.*, No. 13-CV-

6

9100, 2014 U.S. Dist. LEXIS 100574, at *12-13 (S.D.N.Y. July 23, 2014)); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) ("[A] proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs."). To that end, numerous courts have concluded that joint declaration statements substantially similar to those set forth in the Cheng/Howard Group's Joint Declaration do not satisfy such a showing. *See, e.g.*, *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019) ("[B]oilerplate plans for cooperation '[are] conclusory assurances [and] do not satisfy this Court that [they] will be able to effectively manage this litigation.'") (quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011)); *Burns v. Up Fintech Holding Ltd.*, No. 23-CV-4842, 2024 U.S. Dist. LEXIS 19999, at *9 (C.D. Cal. Jan. 30, 2024) ("Haojie and Haping fail to make a prima facie showing that Rule 23's adequacy requirement is satisfied because their joint declaration regarding their interest in prosecuting this action fails to establish a prelitigation relationship and includes only boilerplate statements that they would work together as co-lead plaintiffs.").

### D. The Mayers' Uncorrected Error Speaks to their Inadequacy

As detailed in Greenstone's Omnibus Opposition, the Mayers made a

fundamental error in calculating the 90-day "lookback price." *See* ECF No. 11 at 3-5, 22-24. In so doing, not only did the Mayers overstate their approximate losses by $2,987.97 (*compare* ECF No. 3-6 *with* ECF No. 11-3), but, more importantly, they also demonstrated a lack of sophistication and attention to detail that undermines a showing of adequacy. *See, e.g.*, *Bousso v. Spire Glob., Inc.*, No. 24-cv-01458, 2024 U.S. Dist. LEXIS 213229, at *13 (E.D. Va. Nov. 21, 2024) (while accepting movant's "incorrect loss calculation was an innocent error," court held the error nevertheless "raises serious concerns about Tagawa and his counsel's ability to adequately litigate this case"); *Karp v. Diebold Nixdorf, Inc.*, 2019 U.S. Dist. LEXIS 188670, at *17 (S.D.N.Y. Oct. 30, 2019) (error resulting in overstated losses "struck at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation").

Rather than promptly identifying and correcting this error in their opposition, however, the Mayers instead recalculated the losses of the competing movants "using the same [incorrect] 90-day average price to value losses on retained shares as was used in the Mayers' financial interest analysis" in order to "normalize[]" the figures. ECF No. 10 at 3 n.1. This failure is even more troubling. *See, e.g.*, *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-CV-02394, 2020 U.S. Dist. LEXIS 15012, at *17 (N.D. Ill. Jan. 28, 2020) (finding movants' "failure to discover [] obvious errors [in loss charts] independently warrants a determination that the [movants] will not

8

be adequate representatives of the class"); *Salem v. Methode Elecs., Inc.*, No. 24-CV-7696, 2025 U.S. Dist. LEXIS 18696, at *10 (N.D. Ill. Feb. 3, 2025) ("Courts have found that failure to discover and correct such errors demonstrates that a lead plaintiff will not adequately represent the class.").

Because the PSLRA's damages limitation is a fundamental provision affecting the lead plaintiff inquiry, the Mayers' error in applying that provision resulted in an overstatement of their losses, and the Mayers' subsequent submission confirms their failure to discover or correct that error, Greenstone respectfully suggests the error undermines a finding that they are otherwise qualified to represent the putative Class under Rule 23.

### E. The Mayers' Three Law Firms Would Disadvantage the Putative Class

Finally, as explained in Greenstone's Omnibus Opposition, the Mayers would saddle the putative Class with too many law firms. *See* ECF No. 11 at 24-26. The Mayers have not made any showing that three separate firms are necessary to effectively manage and litigate this Action.

### III. CONCLUSION

For all of the foregoing reasons, as well as those more fully set forth in its Omnibus Opposition, Greenstone Nevada, LLC respectfully requests that this Court deny the competing motions for appointment as Lead Plaintiff and approval of selection of Lead Counsel and: (1) appoint Movant to serve as Lead Plaintiff; (2)

approve Movant's selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: August 11, 2025

Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

*/s/ Vincent M. Giblin*
Vincent M. Giblin
61 South Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 347-2136
Fax: (201) 928-0588
Email: vgiblin@decotiislaw.com

*Local Counsel for Lead Plaintiff Movant Greenstone Nevada, LLC*

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (*PHV to be submitted*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Greenstone Nevada, LLC and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

On August 11, 2025, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: August 11, 2025                    */s/ Vincent M. Giblin*
                                          Vincent M. Giblin